## J. R. PANTALL ET AL. v. W. W. DICKEY.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 2, 1888—Decided January 7, 1889.

1. In an action before a justice of the peace against a non-resident of the county, the service of a summons made returnable more than four days after its date, will not give jurisdiction to the justice, so that he may enter judgment in default of appearance.

2. The provisions of § 26, act of July 12, 1842, P. L. 345, directing that a non-resident defendant shall be proceeded against, in such action, by a

summons returnable not less than two, nor more than four days from its date, are peremptory.

3. If upon a transcript of a justice's judgment, void on its face for want of jurisdiction, judgment be entered in the Court of Common Pleas, it will be stricken off on motion, no matter how, or in what mode, or at what time the objection on that ground is made.

Before GORDON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and HAND, JJ.; PAXSON, J., absent.

No. 55 October Term 1888, Sup. Ct.; court below, No. 375 April Term 1887, C. P. No. 2.

On March 5, 1887, and to the number and term referred to in the court below, the transcript of a judgment before B. McKenna, alderman, in favor of William W. Dickey against J. Rees Pantall and John Davis, for $200 and $6.75, costs, was filed, and judgment entered thereon.

J. Rees Pantall, one of the defendants, on June 28, 1887, presented his petition, which with the exhibits thereto attached disclosed the facts following:

On June 12, 1885, William W. Dickey brought suit before B. McKenna, an alderman of Pittsburgh, against J. Rees Pantall and John Davis, who were residents of the commonwealth, but non-residents of the county of Allegheny. The summons was issued to a constable, returnable on June 18th, was returned served, and on the return day, defendants not appearing, judgment by default was entered for $200 and costs. Execution was issued upon the judgment on May 24, 1886, and returned the next day, no goods. On June 14, 1886, a transcript of the alderman's record of the judgment was procured, carried to Jefferson county, and a judgment entered thereon upon the docket of John T. Bell, a justice of Punxsutawney borough, who then issued an execution against the defendants.

On August 10, 1886, a writ of certiorari, issued from the Court of Common Pleas of Jefferson county at the instance of the defendants, and directed to Bell, the justice, was returned, and on September 20, 1886, exceptions were filed by the defendants (plaintiffs in the writ), which were as follows:

1. The summons was not served by the constable to whom it was issued, or by any one who appears by the record to have authority to serve it.

2. The alderman acquired no jurisdiction over the defendants below for the reason that they were non-residents of the county where the original proceedings were commenced, the same being by a long summons instead of a short one.

3. That John T. Bell, Esq., had no authority to issue an execution or entertain any proceedings upon the transcript in this case for the reason that it does not have the original summons and other evidence connected therewith as provided by law.

On October 30, 1886, the Court of Common Pleas of Jefferson county, sustained the foregoing exceptions and the proceedings of justice Bell were reversed.

Afterwards, on February 27, 1887, the plaintiff procured a second transcript from the record of alderman McKenna, and on March 5, 1887, caused judgment to be entered thereon in the Court of Common Pleas No. 2 of Allegheny county, and then caused to be issued a writ of testatum fieri facias thereon, directed to the sheriff of Jefferson county.

The petitioner prayed that the testatum fieri facias should be stayed and the judgment entered upon said last mentioned transcript be stricken from the record.

A rule to show cause was granted and the writ stayed. The answer to this rule, if any were filed, was not shown by the paper book. The defendants filed the following reasons for the granting of the prayer of the petition:

1. B. McKenna, alderman, never acquired jurisdiction of this case; the defendants being non-residents, were only amenable to summons returnable not less than two or more than four days from the date thereof, and his proceedings by reason of error in the summons were coram non judice and void.

2. The plaintiff is estopped and bound by the judgment of the Court of Common Pleas of Jefferson county had in proceedings on certiorari issued to Justice Bell, of Jefferson county, upon whose docket a transcript of the above proceedings and judgment had been entered by removal and from whose docket an execution had been issued.

On January 3, 1888, the court, EWING, P. J., filed the following opinion and decree:

The judgment in this case is on a transcript filed of proceed-

ings and judgment had before B. McKenna, one of the aldermen of the city of Pittsburgh. The judgment of the alderman was entered June 18, 1885. On May 25, 1886, an execution issued thereon was returned, No goods to levy on. The transcript was filed as a judgment in this court March 5, 1887.

One ground alleged for interfering with the fieri facias is that it should be restricted to a levy on real estate. The uniform practice in this county has been, for a longer time than the knowledge of our oldest practitioner, that when the transcript showed an execution issued by the justice and a return of "nulla bona," the sheriff levies on either realty or personalty on an execution issued from the Common Pleas. All questions on that practice are set at rest by the act of assembly of June 24, 1885, P. L. 160.

The principal ground of the defendants' claim is that under the act March 20, 1810, 5 Sm. L. 171, a transcript of this judgment before the alderman was made out, certified and delivered to a justice of the peace of Jefferson county for execution; and an execution was issued thereon. The defendants had issued a certiorari from the Court of Common Pleas of Jefferson county to the said justice at No. 284, September Term of said court, and on October 30, 1886, that court entered an order reversing the proceedings before the justice. It is claimed by defendants' counsel that the order of the Court of Common Pleas of Jefferson county is in fact a reversal of the judgment before the alderman in Allegheny county, and that it is conclusive in this court on the present application.

Adams v. Hill, 1 Luz. L. Reg. 369, is cited in support of this position. We do not understand the case to so rule. On the contrary, it excludes any inference that the setting aside the execution on the transcript sent to the Luzerne county justice, affects the judgment of the justice in Lancaster county. In that case there had been neither summons, appearing, nor hearing, but a judgment had been entered before the Lancaster county justice on a judgment note for an amount beyond the jurisdiction of the justice. The judgment on its face was clearly void and no execution could issue thereon.

The case of Pickerton v. Lafferty, 2 W. N. 274, cited by defendants' counsel, is not in point. A judgment on transcript from an alderman had been entered in one of the courts of

Common Pleas in Philadelphia county. In the meantime another of the courts of Common Pleas of Philadelphia on certiorari to the proceedings before the alderman, had reversed the judgment; and the court on evidence of this reversal set aside the judgment entered on the transcript. Any one of the four courts of Philadelphia had express power over the proceedings before the alderman.

The language of the act of 1810, under which the transcript was sent to the Jefferson county justice, is very similar to the act of April 16, 1840, P. L. 410, authorizing the transfer of judgments from the court of one county to that of another. Yet it has been uniformly ruled that the court to which the judgment has been transferred has no power to affect the original judgment. An order of the court striking off a judgment so transferred, on the ground that the record did not show jurisdiction in the court entering the original judgment, or for any other reason, good or bad, would not affect the original judgment.

Granting the power of the court of Jefferson county to set aside the execution issued by the justice in that county, and that that order stands until reversed by the Supreme Court, we are unable to see how that court had or has any jurisdiction to affect the judgment entered before the justice in this county, and this, regardless of the reasons that court had for setting aside the proceedings. The judgment before the alderman can only be reached by certiorari or appeal to one of the courts of Common Pleas of Allegheny county. It is not plainly void on its face.

We do not deem it necessary to determine whether or not the alderman had power in this case to issue a long summons, or whether only a short summons could issue. The judgment must stand until it is reversed in a legal manner. ⸱

And now January 3, 1888, the rule to show cause in this case is discharged, and the petition of defendants is dismissed.

The defendants then took this writ, assigning as error the refusal of the court to strike off the transcript and judgment as prayed for.

*Mr. J. H. Miller* (with him *Mr. H. Clay Campbell* and *Mr. Archibald McBride*), for the plaintiffs in error:

1. Jurisdiction, is the power to hear and determine the subject matter in controversy, between the parties; to adjudicate or exercise judicial power over them: Rhode Island v. Massachusetts, 12 Pet. 718. By §§ 22 and 25, act of March 20, 1810, 5 Sm. L. 171, express authority is given to issue the writ of certiorari to remove the cause from the justice of the peace to the Court of Common Pleas of Jefferson county. Section 17 of said act makes the judgment entered by justice Bell a judgment the same as if the suit was originally brought before him. And that the Court of Common Pleas of Jefferson county could inquire into the alleged want of jurisdiction of alderman McKenna, there can be no doubt: Silver v. Schuylkill Co., 32 Pa. 356. It is never too late to raise the question of jurisdiction: Moore v. Wait, 1 Binn. 220; Collins v. Collins, 37 Pa. 387. That court declared the judgment before alderman McKenna void, because no jurisdiction was conferred by the service of the long summons upon defendants.

2. The Court of Common Pleas of Jefferson county having jurisdiction, the judgment so rendered is final and conclusive: § 22, act of March 20, 1810, 5 Sm. L. 171; Ex parte Watkins, 3 Pet. 203; Marsh v. Pier, 4 R. 273; even though erroneous: Borland v. Ealy, 43 Pa. 111; Cleveland etc. R. Co. v. Erie City, 27 Pa. 380. Moreover, the act of June 24, 1885, P. L. 160, relating to judgments before city recorders, magistrates, aldermen and justices of the peace, conferred no authority upon the Court of Common Pleas of Allegheny county to enter judgment upon the transcript in this case. The previous judgment upon the writ of certiorari stands conclusive upon the plaintiffs, and all subsequent proceedings are void.

*Mr. W. B. Rodgers*, for the defendant in error:

The refusal of the court below to strike off the transcript and judgment is not the subject of a writ of error: Henry v. Brothers, 48 Pa. 70.

1. But the order of the court was right, because the Court of Common Pleas of Jefferson county had no power over the judgment before alderman McKenna, and therefore its order on the certiorari is a nullity: Keck v. Appleback, 2 P. & W. 465. The object of the statutory provision permitting the entry of judgments by justices of one county upon transcripts

from the judgments of magistrates in another county, was to facilitate the collection of such judgments. There is no limitation upon the number of transcripts that may be taken, and they may be filed with " any justice of the peace in any county where the defendant may reside or can be found." The section under consideration is very similar to § 1, act of April 16, 1840, P. L. 410, relative to the transfer of judgments from the Court of Common Pleas of one county to that of another: King v. Nimick, 34 Pa. 298; Wilkinson v. Conrad, 10 W. N. 22.

2. The Court of Common Pleas of Allegheny county had no power to strike off the judgment entered directly upon the transcript. "A transcript from a justice's docket is in very truth to be regarded as a judgment, a judgment already pronounced and brought into court for the specific purpose of lien and execution. But opening it, hearing the cause anew, compelling the plaintiff to prove his demand over again, and entering judgment against him if he fails, this is not treating it as a judgment, but as something widely different:" Lacock v. White, 19 Pa. 497. The remedy of the defendants was by appeal or by certiorari to the original judgment: Gehman v. Christ, 15 W. N. 171; Lacock v. White, supra.

OPINION, MR. JUSTICE GREEN:

The transcript of the proceedings before the justice in this case shows that it was an action of trespass against two non-resident defendants who lived in this commonwealth, but out of the county of Allegheny where the action was brought. The transcript also shows that the summons was issued on June 12th, returnable on June 18, 1885. The act of July 12, 1842, § 26, P. L. 345, provides as follows: " Whenever by the provisions of the 24th section of this act no capias can issue and the defendant shall reside out of the county, he shall be proceeded against by summons or attachment, returnable not less than two nor more than four days from the date thereof, which shall be served at least two days before the time of appearance mentioned therein." The language of the section is peremptory, commanding that the defendant *shall* be proceeded against by summons returnable *not less* than two, *nor more* than four days from its date. There were six days intervening between the issue and the return of the writ in this case, and the act,

was therefore clearly and palpably transgressed. If there was no lawful writ there was no jurisdiction of the alderman to entertain the case, and hence he could render no valid judgment. Of course, the judgment could have been and would have been reversed upon certiorari. But the judgment being void for want of jurisdiction to enter it, it matters not how, or in what mode, or at what time the objection on that ground is brought to the attention of a supervising court. Being void, it has no efficacy at any time. The defendant can afford to disregard it until an effort is made to enforce it. In this case a transcript was entered in the Common Pleas and a writ of execution issued. Then the defendants moved to strike off the judgment, and one of the reasons assigned was the want of jurisdiction in the alderman. It was a valid reason, the facts appeared upon the record, and they were fatal to the judgment. We have frequently held that a judgment which is void upon its face may be stricken off on motion : Allen v. Krips, 119 Pa. 1, and cases there cited.

Judgment reversed, and the rule to strike off the judgment in the court below is made absolute.

Argued November 2, 1888—Decided January 7, 1889.