William C. A. Kennedy et al. v. David Davidson.

# Elizabeth Kennedy et al. v. Davidson.

Suitors and witnesses while on their way to and from Court, and while in attendance thereon are privileged from the service of the summons and from arrest on capias in civil cases.

LEASE—SERVICE OF SUMMONS—JURISDICTION BY REASON OF NON-RESIDENCE.

Rule to quash writ of summons and set aside service.
No. 31, December Term, 1900, C. P. Monroe Co.
Eilenberger & Huffman, Attorneys for Plaintiff.
Staples & Erdman, Attorneys for Defendant.
Opinion by CRAIG, J., December 2, 1902.

## STATEMENT OF FACTS:

In this case the suit had been brought by the plaintiffs against the defendant upon a lease which contained a waiver of the right of appeal, which was set out in full upon the record of the Justice. At the time of the hearing the defendant appeared by counsel and moved to quash writ of summons and

k

Elizabeth Kennedy et al. v. Davidson.

the proceedings thereunder and set aside service for reason summons was served on defendant while he was in the County of Monroe as a witness in the case of Commonwealth v. Kennedy, and that his residence at that time was in the City of New York and that he came here for the purpose of being a witnesss in said case. At the trial the defendant gave testimony. Judgment was rendered against the defendant. The defendant appealed and immediately entered a rule upon the plaintiffs to show cause why the writ should not be quashed and the service set aside, alleging the same reasons as had been used before the Justice of the Peace.

The day following the entry of the above rule the plaintiffs entered a rule upon the defendant to show cause why the appeal in this case should not be stricken off, alleging that the defendant had expressly waived the right of appeal and that such waiver is set forth in the record and made part thereof. There is no question raised about the residence of the defendant being in New York at this time, and practically conceded that he was summoned while in attendance as a witness and before he had had reasonable time for leaving the county.

## OPINION:

The depositions show that this suit was begun on the 4th of October, 1900. At that time the defendant was living in the City of New York. He had left Monroe county on or about the 20th of September, 1900. There was a suit before Esquire Drake, in Stroudsburg, on that day (4th of October, 1900,) between a Mr. Frederick and the plaintiffs in this case. The defendant was wanted as a witness in the suit before Esquire Drake, and, in pursuance of a letter from Frederick's attorneys he came from New York on the day of trial and testified in the case. After the trial the defendant left Stroudsburg for New York City on the first train. He was served with a summons about an hour after the suit was heard and whilst on the car going to the station.

As this service raises a jurisdictional question, we have a

right and are bound to notice the depositions. This is the rule: Pantall v. Dickey, 123 Pa. 431. And it is amply decided that suitors and witnesses, while on their way to and from Court and while in attendance thereon are privileged from the service of a summons and from arrest on capias in civil cases; Caldwell v. Dickey, 3 C. C. 532; Wilson v. Byrd, 14 W. N. C. 438; Ruger v. Keller, 12 W. N. C. 371.

This conclusion makes it unnecessary for us to consider the rule to strike off the appeal.

And now, December 2nd, 1902, the rule is made absolute, and the writ of summons is quashed and the proceedings thereon set aside.

<div align="right">

Reported by Henry J. Kotz, Esq.,
Stroudsburg, Pa.