# Corson v. Sullivan.

Under the Act of 9 July, 1901, P. L. 614, Sections 1 & 16, a writ is to be served "(a) by handing a true and attested copy thereof to him personally," &c., and where service is not had according to said Act defendant is not obliged to appear, the Justice is without jurisdiction, and the proceedings and judgment thereon erroneous.

A judgment before a Justice of the Peace being void for want of jurisdiction to enter it, it matters not how or in what mode or at what time the objection on that ground is brought to the attention of a supervising Court; being void it has no efficiency at any time. The defendant can afford to disregard it until an effort is made to enforce it.

CERTIORARI—JURISDICTION—VOID JUDGMENT—EXECUTION.

No. 25, December Term, 1902, C. P. of Montgomery county.
Edwin S. Nyce, Esq., Attorney for defendant in error.
Henry Freedley, Esq., Attorney for plaintiff in error.
Opinion by WEAND, J.

On April 28, 1902, John J. Corson, plaintiff in above suit, instituted a suit against the defendant, before Alan W. Corson, Esq., a Justice of the Peace, and on the same day a summons was issued and served. On May 5, following, said Justice, after hearing, entered judgment against defendant by default for want of an appearance, in favor of plaintiff for the sum of $19.00 and costs. On May 26, 1902, said Justice at the instance of said plaintiff caused an execution to be issued which on May 29, 1902, was returned "no good." On the same day upon which return was made as aforesaid, a transcript of said judgment was entered in the C. P. of Montgomery county, Pa., as of March Term, 1902, No. 316, in Judgment Docket "E-2," page 62. On July 23, 1902, a Fi. Fa. was issued upon said judgment and certain real estate of the defendant levied upon, which was subsequently condemned, and approved by the Court October 6, 1902. On October 8, 1902, a *Venditioni Exponis* was issued upon said judgment, and the Sheriff advertised said real estate to public sale. The defendant avers that she had no knowledge of said suit and judgment, and proceedings thereon, and claims that the judgment was fraudulently obtained, she being in no way indebted to the plaintiff, and further denies the legality of the said judgment and the jurisdiction of the said Justice, and prayed the Court to award a writ of certiorari, directed to said Justice.

## EXCEPTIONS:

1. The record shows the summons in said suit was not served according to law, no copy of said summons having been left with the defendant, in accordance with the Act of July 9, 1901, wherefore the said Justice had no jurisdiction in said case.

2. The record does not show the cause of action with sufficient clearness to indicate that the Justice had jurisdiction in said case.

3. The record does not show any contract between the parties, or a promise or undertaking on the part of the defendant, so as to give the Justice jurisdiction in said case.

Corson v. Sullivan.

4. The transcript, No. 316, March Term, 1902, filed in the Court of Common Pleas as a lien upon real estate, is void for want of jurisdiction, both as to service and cause of action, and does not correspond with the original record.

## OPINION:

Under the Act of 9 July, 1901, P. L. 614, Secs. one and sixteen a writ of summons is to be served "(a) by handing a true and attested copy thereof to him personally," &c.

The service in this case was not according to the act; the defendant was not obliged to appear; and the Justice had no jurisdiction. The judgment was by default. The proceedings therefore were erroneous.

In Pantall et al. vs. Dickey, 123 Pa. 431, Mr. Justice Green said: "If there was no lawful writ there was no jurisdiction of the Alderman to entertain the case, and hence he could render no valid judgment. The judgment being void for want of jurisdiction to enter it, it matters not how, or in what mode, or at what time the objection on that ground is brought to the attention of a supervising Court. Being void it has no efficiency at any time. The defendant can afford to disregard it until an effort is made to enforce it. In this case a transcript was entered in the Common Pleas and a writ of execution issued. Then the defendants moved to strike off the judgment and one of the reasons assigned was the want of jurisdiction in the Alderman. It was a valid reason. The facts appeared upon the record, and they were fatal to the judgment. We have frequently held that a judgment which is void upon its face may be stricken off on motion: Allen vs. Kripps, 119 Pa., and cases there cited.

And now, Nov. 19th, 1902, the first exception is sustained, the proceedings before the Justice are reversed, all subsequent proceedings set aside.