REHFELD v. BALTIMORE & O. R. CO.

(Circuit Court of Appeals, Third Circuit. May 1, 1911.)

No. 10.

1. JUDGMENT (§ 94*)—BY DEFAULT—POWER OF CLERK TO ENTER.

Where the rules of a federal court authorize the clerk to enter judgment by default for certain defaults specified, he is without authority in any other case.

[Ed. Note.—For other cases, see Judgment. Dec. Dig. § 94.*]

2. JUDGMENT (§ 133*)—VACATION—UNAUTHORIZED ENTRY BY CLERK.
 A default judgment entered by a clerk without authority is void, and may be stricken off by the court at any time.

 [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 133.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action at law by Nellie Rehfeld against the Baltimore & Ohio Railroad Company. From the refusal of the court to take off a nonsuit, plaintiff brings error. Affirmed.

Lowrie C. Barton, for plaintiff in error.

McCleave & Cecil, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and McPHERSON, District Judge.

BUFFINGTON, Circuit Judge. In the court below, Mrs. Rehfeld, a citizen of Pennsylvania, brought an action of trespass against the Baltimore & Ohio Railroad Company, a corporation of Maryland. After statement filed, plaintiff's counsel on March 30, 1908, ruled the defendant to plead, and on April 16th following the clerk of the court, on the præcipe of plaintiff's counsel, entered judgment against the defendant in default of a plea. No action was taken by the plaintiff to assess damages until some eighteen months later, when a writ to assess damages issued, and the default judgment for the first time was called to the knowledge of the defendant. Thereupon a petition was filed for relief, which the court subsequently granted, and struck the judgment from the record. The cause was then placed on the trial list. When called for trial, the plaintiff offered no evidence, and was nonsuited. On the refusal of the court to take off such nonsuit, this writ was taken, and the plaintiff now assigns for error the court's refusal to take off the nonsuit and the striking off of the default judgment above noted.

We pass by the question whether the vacation of the judgment was not a final order from which a writ of error could and should have been taken to permit its review, and address ourselves to a review of the court's action in that particular. This default judgment purports to be entered by virtue of rule 24 of the United States Circuit Court for the Western District of Pennsylvania, which is as follows:

"Sec. 1. Rules to declare and plead and for all other pleadings may be entered at any time during office hours in the clerk's office, and shall be returnable within fifteen days after service of written notice thereof to the adverse party or his, her or their attorney of record, and upon failure to declare, plead or enter other pleading accordingly, a judgment in the nature of a judgment by default, or a non pros., may be entered."

[1] Manifestly, the clerk of a court has no power to enter a judgment unless such power is expressly conferred upon him. An examination of the rules generally shows that for certain defaults a judgment of default may be entered by the clerk; but the conferring of this power on him by express mention (see section 2 of rule 17,

---

and section 2 of rule 24) is an exclusion of power on his part to enter judgment under any other conditions.

[2] As there was no such power conferred on the clerk by section 1 of this rule, the purported judgment entered by him was without authority. Such being the case, it follows that the court's power to vacate the judgment could be exercised at any time. Pantall v. Dickey, 123 Pa. 431, 16 Atl. 789; Jones v. McKelway, 17 N. J. Law, 345; Wilmington v. Kearns, 1 Houst. (Del.) 363.

The judgment below is affirmed.