# Automatic Merchandising Company *v.* Delaware & Hudson Company, Appellant.

*Common carriers—Justices of the peace—Attachment of goods—Void attachment—Act of June 13, 1874, P. L. 285.*

1. A common carrier which permits goods of another to be taken from its possession by a writ of attachment utterly void on its face, will be held liable to the owner for the value of the goods.

2. A writ of attachment issued under the Act of July 12, 1842, P. L. 339, by a justice of the peace to a constable returnable seven days after the date of the writ (which shows on its face that it is for a claim of $400) is an invalid writ, and if the constable under such a writ is permitted to take goods from the possession of a common carrier, the latter will be liable to the owner for the value of the goods.

3. In such a case the carrier is not protected by the Act of June 13, 1874, P. L. 285.

Argued Oct. 16, 1911. Appeal, No. 191, Jan. T., 1911, by defendant, from judgment of Superior Court, March T., 1911, No. 15, affirming order of C. P. Lackawanna Co., Sept. T., 1909, No. 178, dismissing exceptions to report of referee in case of Automatic Merchandising Company *v.* Delaware & Hudson Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from judgment of the Superior Court.

The facts appear by the opinion of the Supreme Court and by the report of the case in 46 Pa. Superior Ct. 648.

The writ was in the following form:

"ATTACHMENT—FRAUDULENT DEBTOR.

County of Lackawanna, ss.:

The Commonwealth of Pennsylvania.

"To the Constable of the Sixth Ward, Dunmore, Pa., or to the next Constable of the said County most convenient to the defendant, Greeting:

"We command you that you attach Automatic Mdse.

Company by all and singular their goods and chattels in whose hands or possession soever the same may be within the State and County of Lackawanna, so that they be and appear on the 29th day of January, A. D. 1909, at nine o'clock in the forenoon before W. Miller, one of our Aldermen in and for said county to answer George F. Helfrick in a plea for debt or judgment arising from contract either expressed or implied wherein the said plaintiff claims the sum of $400.

"Witness our said alderman who hath hereunto subscribed his name and affixed his seal the 22nd day of January, in the year of our Lord, 1909.

"W. MILLER (SEAL)
"ALD.

"A true and attested copy.
"S. LEEBERT,
"Cons. Sixth Ward, Dunmore."

*Error assigned* was the judgment of the Superior Court.

*W. J. Torrey*, for appellant.—Under the common law a carrier is not liable to a consignor where goods have been taken from its possession on a defective writ, under the circumstances which existed in this case: Indiana, Ill. & Iowa Ry. Co. v. Doremeyer, 20 Ind. App. 605; Ohio & Miss. Ry. Co. v. Yohe, 51 Indiana, 181.

Even though, under the common law, the defendant would be liable, he is relieved by operation of the Act of June 13, 1874, P. L. 285, sec. 2.

*C. A. Van Wormer*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 2, 1912:

On January 22, 1909, the Delaware & Hudson Company, a common carrier, received, at the city of Scranton, from the Automatic Merchandising Company ten peanut vending machines for shipment to the consignor's address in the city of Brooklyn, New York. On the same

day, on what purported to be an attachment issued by
an alderman of the city of Scranton, a constable seized
these machines and they were surrendered to him by the
common carrier. This action, brought for the recovery of
their value, for the reason that the common carrier ought
not to have surrendered them to the constable under
the admitted facts, resulted in a judgment for the plaintiff
in the court below, upon the report of a referee, and from
its affirmance by a majority of the Superior Court there has
come this appeal.

The common carrier claims that, under the Act of
June 13, 1874, P. L. 285, it is not liable to the appellee
for the surrender of its goods to the constable, as that
act provides that, where goods, wares or merchandise
shall be taken from the possession of a common carrier
by writ of attachment, replevin or other legal process,
such carrier shall not be liable therefor to the owner of
such goods, wares or merchandise, or to any holder of any
receipt, voucher or bill of lading for the same. What pur-
ported to be legal process in the hands of the constable,
under which he seized the goods of the appellee in the pos-
session of the common carrier, was issued by an alderman,
whose jurisdiction was purely statutory, and, therefore,
strictly limited. He could act only within the jurisdiction
conferred upon him and could issue no process not author-
ized by statute. If he did so, or if he issued process in disre-
gard of the mandatory requirements of the statute under
which he attempted to issue it, he placed in the hands of
his constable a worthless writ. The paper which the con-
stable in this case regarded as his authority for taking the
goods of the appellee from the common carrier, and which
it insists protects it from liability for its surrender of them
to him, was admittedly issued by the alderman under
what he regarded as authority conferred upon him by the
fraudulent debtor's Act of July 12, 1842, P. L. 339. Sec-
tion 28 of that act requires that every writ of attachment
issued under it shall be made returnable not less than two
nor more than four days from its date, and the service of

it—when the defendant is a nonresident of the county and cannot be found—is to be made by leaving a copy of it and of the inventory of the goods attached with the person in whose possession they may happen to be. The writ in this case was so served upon the common carrier, and, upon the face of the copy of it, the claim of the plaintiff was given as $400. It thus affirmatively appeared to the appellant, from the copy of the writ left with it, that the alderman was without jurisdiction in the premises and that his process was, therefore, void; and it still further appeared from the copy of the writ that, though it had been issued on January 22, it was returnable on January 29— seven days from its date—in palpable disregard of the peremptory statutory requirement that it must have been made returnable not more than four days from the day it was issued. The proceedings before the alderman were utterly void on this account, all of which affirmatively appeared from the face of the invalid paper in the hands of the constable.

The question before us is not whether the act of 1874 will protect a common carrier in surrendering goods to a constable on a writ, regular, or apparently so, upon its face, even though the magistrate may have been without jurisdiction to issue it, and, for that reason, it may have been void, as, for instance, an execution in the hands of a constable without a judgment to support it. What we are to determine is whether a common carrier has a right to invoke the protection of the act of 1874 in surrendering goods of one of its shippers to a constable or sheriff demanding them by virtue of what appears on the face of it to be an invalid writ and utterly void process for want of jurisdiction to issue it. There can be no valid writ if there is no jurisdiction to issue it. In such a case the proceedings are void ab initio, and may be so treated, no matter how or at what time the objection on that ground is brought to the attention of a supervising court. There was no valid writ in this case, for the alderman was without jurisdiction to issue it, and the proceedings before

him were utterly void: Pantall v. Dickey, 123 Pa. 431.

Legal process, as contemplated by the act of 1874, is process that a court has a right to issue. This is conceded by the learned member of the Superior Court who wrote the dissenting opinion, for his admission is that the act of 1874 would not protect a common carrier in surrendering goods on a writ of replevin issued by an orphans' court. This admission must include a writ of replevin issued by an alderman, for that officer has no more authority than an orphans' court to issue such writ. When issued from either it would show upon its face want of jurisdiction; and the writ of attachment in the present case clearly showed this. The alderman had no more right to issue it than he had to place a writ of replevin in the hands of his constable. The only reasonable meaning to be given to the words "writ of attachment" and "legal process," as used in the act of 1874, is a valid writ of attachment and valid legal process, or process which, upon its face, appears to be valid, for the legislature surely could not have intended that a common carrier should be protected in surrendering goods on absolutely void process, manifestly so appearing upon its face, and under which the officer would have no right to seize anything belonging to the defendant named in it. This was the correct view entertained by the court of common pleas and a majority of the Superior Court, and the judgment is affirmed.