## Rothfuss Garage Co., Appellant, v. Diehl.

*Justices of the peace—Pleadings—Act of July 7, 1879, P. L. 194.*

In an action of assumpsit on a book account before a justice of the peace, where a statement of claim and affidavit of defense are filed, in accordance with the provisions of the Act of July 7, 1879, P. L. 194, and the record shows that the parties appeared by counsel on a certain day, if at the time of the hearing the defendant offers no evidence, the justice of the peace may render judgment on the facts of the case as presented by the parties; and if such judgment is not appealed from and a transcript thereof later filed in the prothonotary's office, it will not be stricken off. The conclusion of the magistrate merely involved alleged mistakes of fact and law, and the remedy therefor was an appeal or writ of certiorari.

Argued October 29, 1919. Appeal, No. 165, Oct. T., 1919, by plaintiff, from order of C. P. Centre County, February T., 1919, No. 69, making absolute rule to strike off judgment in the case of Rothfuss Garage Co., Inc., v. Joseph Diehl. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Reversed.

Petition to strike off judgment of a justice of the peace. Before QUIGLEY, P. J.

The opinion of the Superior Court states the case.

The court made absolute the rule to strike off judgment. Plaintiff appealed.

*Error assigned* was the order of the court.

*Mortimer C. Rhone,* and with him *A. R. Jackson* and *Gettig & Bower,* for appellant.—The court had no power to strike off the judgment: Lacock v. White, 19 Pa. 495; Boyd v. Miller, 52 Pa. 431; Dailey v. Gifford, 12 S. & R. 72; Littster v. Littster, 151 Pa. 474.

*N. B. Spangler,* for appellee.—The court can strike off a judgment which has been entered without authority: Bryn Mawr National Bank v. James, 152 Pa. 364; Pan-

tell et al. v. Dickey, 123 Pa. 431; Saupp, executor, et al. v. Streit et al., 258 Pa. 214; Miller use of Hart and Lee v. Pelagia Neidzielska, 176 Pa. 409; Exler v. American Box Co., 226 Pa. 384; Caruso v. Gallo, 62 Pa. Superior Ct. 586.

OPINION BY HENDERSON, J., February 28, 1920:

The appellant brought an action of assumpsit before a justice of the peace for the collection of a book account for labor, merchandise and other items set forth in detail in a copy of the account attached to the statement of claim filed with the magistrate. The statement was verified under oath by the plaintiff. A summons was issued which was regularly served on the defendant as was also a copy of the statement of claim. The parties appeared before the magistrate on the return day of the writ and by agreement of their counsel the case was continued to March 28, 1918, at which date an affidavit of defense was filed and the case continued to April 12, 1918. On the latter date a further continuance was directed to May 2, 1918, by agreement of the parties, on which last named date the record is: "Now May 2, 1918, 11 o'clock a. m. hearing. Parties present J. J. Bower, Esq., attorney for plaintiff. N. B. Spangler, Esq., attorney for defendant. On statement of plaintiff and affidavit of defense filed, judgment is hereby publicly given in favor of the plaintiff and against the defendant in the sum of one hundred and fifteen and 44-100 dollars and costs of suit." On May 22d an appeal was taken by the defendant and a transcript delivered to his attorney. The transcript was not filed in the prothonotary's office however. On the 11th of the following February, the plaintiff took a transcript of the judgment from the justice and filed it in the office of the prothonotary whereupon the defendant obtained a rule to show cause why the transcript should not be stricken from the record. This rule the court subsequently made absolute on the ground that the justice had no power or authority

to enter judgment before hearing the proofs and allegations of the parties and that the transcript showed that no testimony was taken by the justice, as a consequence of which the judgment was void on its face.

The statement of claim was filed pursuant to the provisions of the 2d section of the Act of 1879, P. L. 194, which provides that where in an action on any contract express or implied for the payment of money, the plaintiff shall file at any time before the issuing of the summons an affidavit stating the amount due from the defendant together with a copy of the book entries or instrument of writing on which the action is brought and a copy of such statement is served on the defendant, the justice shall render judgment in favor of the plaintiff for the amount of his claim unless the defendant at or before the time the summons was made returnable shall have filed an affidavit of defense with the justice setting forth fully the nature and character of the same. It will be seen that the plaintiff would have been entitled to judgment on his statement of claim if an affidavit of defense had not been filed. The case was regularly before the magistrate, therefore, and it was his duty to dispose of it according to the facts as presented by the parties and the law as understood by him. The learned judge of the court below bases his decision on the case of McKinney v. Brown, 130 Pa. 365. That was an action against a man and wife for a debt contracted by the wife and incurred for articles necessary for the support of the family. The action was brought in 1885 when the Act of 1848 with respect to married women was in force, which act provides that "judgment shall not be rendered against the wife in such joint action unless it shall be proved that the debt sued for in such action was contracted by the wife and incurred for articles necessary for the support of the family of the said husband and wife." The judgment in the case was taken for want of an appearance and no witness was sworn or exam-

ined.   It is clear that on such a cause of action the
record must have brought the defendants within the
limitations provided by the Act of 1848.   Against a
married woman judgment could only follow proof that
the debt was contracted by the wife, and where judgment
was taken by default there was evidently no proof on
that point.   It is undoubtedly true that where it appears
from the record the magistrate was without jurisdiction
or where the defendant was not brought into court by
due process thereby giving the magistrate jurisdiction
of the person, a judgment is a nullity and when filed
in the court of common pleas may be stricken from the
record.   Of such a character was the proceeding in Pan-
tall v. Dickey, 123 Pa. 431.   That was a case where two
nonresidents were summoned.   The writ was issued
June 12th and returnable six days later.   The Act of
July 12, 1842, P. L. 345, provides that "where no capias
can be issued and the defendant resides out of the coun-
ty, he shall be proceeded against by summons or attach-
ment returnable not less than two nor more than four
days from the date thereof which shall be served at least
two days before the time of appearance."   This lan-
guage was held to be peremptory and as there were six
days intervening between the date of the issue and the
return of the writ, the proceeding was in direct violation
of the command of the statute.   As there was not a law-
ful writ, the magistrate did not have jurisdiction of the
persons of the defendants.   Neither lack of jurisdic-
tion nor lack of evidence appears in the case now before
us.   We have seen that the transcript shows there was
a hearing before the magistrate and that the parties
were represented by counsel.   From inspection of
the statement of claim and the affidavit of defense we
conclude that the magistrate might well have found an
admission under oath by the defendant of the accuracy
of the plaintiff's account except as to the credit for $50;
and there being no evidence offered by the defendant at
the time fixed for the hearing when it was his duty to

speak if he desired to be heard, the whole case was before the justice for disposal. In any aspect of the case the conclusion of the magistrate merely involved alleged mistakes of fact and law; the remedy for which was an appeal or writ of certiorari. The defendant was not entitled on the facts presented to have the transcript of the judgment stricken off.

The judgment is reversed and the transcript in the court of common pleas reinstated at the cost of the appellee.