Keown v. Patten.

*Landlord and tenant—Distraint—Jurisdiction, J. P.—Act of March 20, 1810—Certiorari.*

1. In a proceeding before a justice of the peace by a tenant under the Act of March 20, 1810, § 20, 5 Sm. Laws, 161, 170, to establish a set-off against rent after a distress, the justice has no jurisdiction to enter any judgment, or to issue any process to enforce his decision. In such a case the justice simply notes his determination, but enters no judgment.

2. Where, in such a case, the justice enters judgment and issues execution, a *certiorari* will not be quashed because it was not sued out within twenty days after judgment, as the judgment was void for want of jurisdiction.

*Certiorari* to justice of the peace. C. P. Butler Co., June T., 1921, No. 50.

E. H. Negley, for plaintiff; no appearance for defendant.

REIBER, P. J., July 15, 1921.—The plaintiff below was indebted to the defendant for rent amounting to $24, for which sum the defendant distrained the goods of the plaintiff. The plaintiff thereupon instituted proceedings before the justice of the peace under the provisions of the 20th section of the Act of March 20, 1810, 5 Sm. Laws, 161, 170, alleging that the defendant was indebted to him, and asking that he be allowed a set-off against the rent thus owed. The justice, after hearing the proofs and argument of counsel, on Oct. 25, 1920, entered judgment as follows: "No rent due on lease. Costs to be paid by defendant, Mary Keown, she to put new pump in the well." On May 4, 1921, execution issued.

Under the provisions of said act of assembly, the justice is without power to enter any judgment, nor does it authorize him to issue any process to enforce his decision. See Thomas *v.* Pyle, 2 Pa. C. C. Reps. 258, where the question is fully discussed and cases cited.

It follows, therefore, that the justice was without jurisdiction. It is contended by defendant in error that the writ of *certiorari* must be quashed, for the reason that it was not sued out within twenty days after judgment, but [it was sued out] within twenty days after the execution to enforce the payment of costs, and, in our opinion, was lawful, as the judgment of the justice was void for want of jurisdiction to enter it: Pantall *v.* Dickey, 123 Pa. 431; Edwards *v.* Jeremy, 2 Kulp, 489; Edwards *v.* Fonk, 6 Dist. R. 505.

And now, July 15, 1921, specifications of error sustained and judgment set aside, at costs of defendant in error.

From James E. Marshall, Butler, Pa.

NOTE.—See Hilke *v.* Eisenkeis, 104 Pa. 514, and Fowler *v.* Eddy, 43 Legal Intell. 17.