## Webber, Collector, v. Dolan

*Stanley F. Coar*, for petitioner; *George W. Ellis*, for respondent.

NEWCOMB, J., May 27, 1931.—It is not without a sense of reluctance that one feels compelled to sustain this motion. The underlying judgment was entered by an alderman June 8, 1928, in assumpsit at suit of a tax collector for unpaid taxes. There was no appearance on the part of defendant. The summons had been served on her personally in manner and form directed by the Act of July 9, 1901, P. L. 614, clause 16. The judgment was put in execution June 28, 1928, but the writ was returned "no goods." The transcript, with four others of like character, was filed in this court February 28, 1929. The present motion was made April 17, 1931, by the guardian of defendant's

estate as in the meantime she had been adjudged a weak-minded person as provided by the Act of May 28, 1907, P. L. 292.

Defendant having had personal notice of the suit, the question of laches suggests itself. But that can be relevant only to objections founded on matters of irregularity. It is not pertinent if the judgment was absolutely void. That is to say, if "void for want of jurisdiction to enter it, it matters not how or in what mode or at what time the objection on that ground is brought to the attention of a supervising court:" Pantall v. Dickey, 123 Pa. 431.

The grounds here assigned are:

1. Summons issued to a deputy constable.

2. Transcript is silent as to whether the collector's warrant had expired.

3. It was equally silent as to any settlement by plaintiff with the proper authorities.

4. Plaintiff's residence address was not endorsed on the transcript, as required by the Act of March 31, 1915, P. L. 39.

Counsel seems to assume that the motion is to be disposed of as if the record were here on a writ of certiorari. In his brief it is said: "The function of a certiorari is to bring before the court the record of an inferior tribunal. These records are now before this court as a part of its records. It is, therefore, submitted that the procedure by petition to strike off a judgment has the same effect as a certiorari."

This supposition is erroneous.

For instance, the second and third reasons going only to plaintiff's right of action might be considered on certiorari. But they are futile here where the only available objection must be one going to the jurisdiction of the magistrate.

True, at first blush, it might appear that judgment on the transcript was bad for want of a certificate as to plaintiff's address. But the requirement of the statute is only in aid of the taxing authorities; and as this judgment is not taxable, as appears on its face, the better reasoning is that it is not within the purview of the statute, and, therefore, the omission of the address is negligible.

The only valid objection is that the summons was not directed to a proper officer.

On certiorari, we have held that such writ is erroneous and judgment against defendant in default of his appearance has been reversed: Mocaski v. Wilkinson, 30 Lacka. Jur. 105.

While valid service can be made by an official deputy, it must—so far as concerns defendant—be made on the responsibility of his principal. There is no more authority to direct a summons to a deputy constable than to a deputy sheriff.

This summons might have been all right had it been directed to "————— constable," etc., with a return of service in the name of some constable, though by hand of "A. B. his deputy." But that is not what happened. There is nothing whatever to indicate for whom this man was deputy. The return is as follows: "Served on defendant by handing a true and attested copy thereof to her personally and informing her of the contents therein contained. So answers Robert Lloyd, deputy constable, on oath."

Such process cannot be countenanced. Both the writ and the return are unknown to the law, and, therefore, the judgment must be adjudged void for want of jurisdiction of both the cause and the parties.

The motion is allowed, the rule to show cause made absolute and the judgment stricken from the record.        From William A. Wilcox, Scranton, Pa.