## Groezinger v. Lackawanna County

*E. V. McLaughlin,* for plaintiff.

*H. L. Taylor* and *G. W. Ellis,* for defendant.

NEWCOMB, P. J., June 21, 1933.—The proceeding is had to test the liability of the county for certain costs incurred by plaintiff in the exercise of his official functions as an alderman of this city. It appears that one Michael Sopke was charged with disorderly conduct on the complaint of Joseph Herko, Jr. The locus in quo was at the corner of Lackawanna and Washington Avenues, one of the busiest places in the City of Scranton, at which there is some police officer at all hours of the day and night. The occasion, therefore, for complaint at the instance of a private prosecutor, who apparently is quite as obscure as the defendant, gives rise to the suspicion that the proceeding was what is commonly termed a "racket". At all events, the case proceeded to judgment at the hands of the plaintiff in his official capacity, a fine was imposed, and in default of payment thereof defendant was committed to the county jail for a period of 10 days, at the expiration of which he was discharged by the alderman.

Whatever the motive of the county controller for refusing to approve the alderman's bill, he made no mistake in that particular. The suit is founded upon the provisions of the Act of April 5, 1929, P. L. 170, regulating and establishing fees to be charged by justices of the peace and aldermen and imposing liability upon the county in certain cases. Inter alia, it provides: "In all cases of summary convictions, in which the defendant is convicted and sentenced to jail in default of payment of the fine and costs imposed, the costs of prosecution shall be paid by the county." The plaintiff's demand is based upon this clause of the act.

Inasmuch as the statute has to do with a jurisdiction penal in both form and substance, the rule of strict construction necessarily applies. The statute referred to must be deemed to apply only to those cases that are free from jurisdictional defect. The jurisdiction conferred upon the alderman in such case must be found in the Act of May 2, 1901, P. L. 132. Any proceeding had thereunder must conform to the terms of the act, which defines the offense as follows:

"if any person or persons shall wilfully make or cause to be made any loud, boisterous and unseemly noise or disturbance to the annoyance of the peace-

590

able residents near by . . . or near to any public highway, road, street, lane, alley, park, square or common", etc.

It will be observed that the complaint here did not aver that the alleged disturbance was wilfully made. Hence there was a material variance as between the terms of the complaint and the grounds of jurisdiction which the alderman had power to entertain. That was necessarily fatal to the judgment and exposed him to the liability of suit for false imprisonment. The judgment was simply void, and it matters not how or when or in what manner the jurisdictional defect is raised: Pantall et al. v. Dickey, 123 Pa. 431.

The controller was therefore well advised when he declined to approve the alderman's bill.

Judgment is accordingly entered in favor of the defendant.

From William A. Wilcox, Scranton, Pa.