## McClellan v. Powers

*Spangler & Walker,* for plaintiff; *Theodore C. Jackson,* for defendant.

FLEMING, P. J., February 22, 1935.—W. F. McClellan was summoned by J. M. Pearce, Justice of the Peace of the Borough of Philipsburg, to answer Robert L. Powers in damages growing out of an automobile accident occurring near Bigler, Clearfield County, Pennsylvania. The car which was involved was not operated by W. F. McClellan, the owner, but by H. H. McClellan, his employe. Justice Pearce rendered judgment in favor of Powers in the sum of $242.07 and costs on December 28, 1934. On January 10, 1935, the plaintiff herein caused a certiorari to be issued which was served by the sheriff on January 24, 1935. The plaintiff herein contends that the justice's judgment is void: (1) because judgment was entered in the sum of $242.07, an amount in excess of the jurisdiction allowed by law in such cases; and (2) because the justice of

the peace had no jurisdiction, the record disclosing the fact that this was an action of trespass on the case and not trespass vi et armis.

The defendant herein seeks to have the certiorari dismissed for the reason that the same was not served within 5 days after its issuance as provided by section 21 of the Act of March 20, 1810, 5 Sm. L. 161. The nature of the exceptions filed upon the certiorari clearly render this objection without merit. " . . . the judgment being void for want of jurisdiction to enter it, it matters not how, or in what mode, or at what time the objection on that ground is brought to the attention of a supervising court. Being void, it has no efficacy at any time. The defendant can afford to disregard it until an effort is made to enforce it": Pantall et al. v. Dickey, 123 Pa. 431, 438. See also Webber, Collector, v. Dolan, 17 D. & C. 93; Groezinger v. Lackawanna County, 19 D. & C. 589.

We need to look no further than the Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751. This provides:

"Section 1208. Civil Actions for Damages.—All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agents; or action may be brought in the court of common pleas of said county, and service of process, in either case, may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county. No action involving more than one hundred ($100.00) dollars shall be brought before any magistrate, alderman or justice of the peace."

Orlosky v. Haskell, 304 Pa. 57, states that this act is an enlarging, not a restricting statute and that the word "damages" does not limit matters to property damages but may cover personal injuries as well.

If defendant's suit was intended to be brought under the above act the justice was not only without jurisdiction by reason of the sum involved but the proceeding is defective, in that it shows that no receipted bill was produced and no proof offered that the bill was paid: Seig v. Campbell, 17 D. & C. 322.

If defendant sought the aid of the justice under other authority such justice was without jurisdiction, for damages which may be sought to be recovered before a justice of the peace are only such as arise where injury is immediate and would be recoverable in the common law action of trespass vi et armis, and not such as are consequential and would be recoverable, if at all, only in an action of trespass on case: Olewiler v. Bair, 47 York 65. A justice of the peace does not have jurisdiction in case for damages exceeding $100 alleged to have been caused by defendant's truck driven by defendant's employe: Werner v. Miller and Son, 46 York 118.

There does not appear to have been any appellate determination of this question and the lower court's decisions to an extent are in conflict. We are of the opinion, however, that the justice of the peace did not have jurisdiction in this case.

And now, February 22, 1935, the judgment of the justice of the peace is reversed and set aside at the cost of the plaintiff.