Commonwealth of Pennsylvania ex rel. William H. Henderson, v. John O'Donnell, Appellant in the Supreme Court as of January Term, 1897, No. 177, and the Masonic Home of Pennsylvania, Appellant in the Superior Court as of October Term, 1898, Nos. 36 and 40.

*Appeals—Jurisdiction, Supreme and Superior Courts—Title to an office —Jurisdiction follows the record.*

In all appeals where no money value is involved but the mere right is in dispute, as a title to an office, or the right to a divorce, the Supreme Court has jurisdiction.

In the case at bar the title of a director in a corporation was in dispute; the appeal from the original judgment in the quo warranto was pending in the Supreme Court. *Held,* That the court having jurisdiction to review

the proceedings has jurisdiction to review the supplemental proceedings; also that the Superior Court has no jurisdiction of the subject-matter.

Argued March 7, 1898.  Appeal No. 36, Oct. T. 1898.  Rule to show cause why the appeals taken by The Masonic Home of Pennsylvania to the Superior Court from the order of C. P. No. 2, Phila. Co., March T., 1896, No. 1003, refusing to open judgment and from decree of said court awarding a peremptory mandamus, should not operate as a supersedeas.  Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.  Certified to the Supreme Court.

It appears from the record that a suggestion for a quo warranto was filed in the court below and is a part of the record in a mandamus suit.  The suggestion set forth that the Relator, William H. Henderson, had been duly elected and constituted as the representative of the Palestine Chapter, which Chapter was a contributor to the support of the Masonic Home and, therefore, duly entitled to representation in such corporation; that Henderson being nominated to a vacancy on the Board of Managers was illegally declared to be unqualified for election and that one John O'Donnell, was declared elected.

An answer was filed by John O'Donnell admitting that the Chapter was entitled to a representative in good standing, but alleging that Henderson, the relator, was not in good standing and therefore ineligible as a candidate.

A demurrer was filed to the answer averring, inter alia, no legal title in respondent and no sufficient cause set up why relator should not exercise office.

A petition was subsequently filed for an alternative mandamus, and an amended return of the corporation was filed.  A demurrer was filed to the amended return which was disposed of by the court below in an opinion by PENNYPACKER, P. J., reported in 6 Dist. Rep. 732, in accordance with which a judgment of ouster was entered.

A motion to show cause why judgment should not be opened and the petitioner, The Masonic Home of Pennsylvania, be allowed to intervene as party defendant was refused, in an opinion by PENNYPACKER, P. J., in 7 Dist. Rep. 103.

Appeals were taken to the Superior Court and a motion made for a rule to show cause why such appeal should not operate as a supersedeas.

*Robert H. Hinckley* and *F. Carroll Brewster*, for the motion.

*George Henderson* and *M. Hampton Todd,* for appellees.—Jurisdiction in appeals in actions in quo warranto and mandamus is in the Supreme Court.

In all appeals where no money value is involved, but a mere right is in dispute, as the title to an office or the right to a divorce, the Supreme Court has jurisdiction.

The record of this case is in the Supreme Court, and jurisdiction follows the record: Keyser v. Farr, 105 U. S. 265.

A supersedeas should be granted by the court having at the time the custody of the record: 24 Am. & Eng. Ency. of Law, 596; Payne v. Thompson, 48 Ala. 535.

PER CURIAM, March 9, 1898:

The appeal from the original judgment in the quo warranto proceedings is now pending in the Supreme Court, and it is very clear that the court having jurisdiction to review those proceedings has jurisdiction to review the supplemental proceedings from which appeals have been taken to this court. The appeals do not involve the possession or ownership of real or personal property or any right, the value of which can be measured in money. So far as the questions of appellate jurisdiction are concerned, they are governed by the same principle as the case of Rosenberry v. Rosenberry, 180 Pa. 221, where the question was raised by counsel and jurisdiction of the appeal was entertained by the Supreme Court.

Now, March 9, 1898, the above mentioned appeal is certified at the cost of the appellant to the Supreme Court for hearing and decision.