Calvin W. Brower, warden of Schuylkill county prison, and Elizabeth Brower, matron of the same, Appellants, *v.* Frank Kantner et al., commissioners of Schuylkill county, James H. Levan et al.

*Appeals—Jurisdiction, Superior Court—Right to public office.*

A decree restraining defendants from interfering with the rights of the plaintiffs to exercise duties of warden and matron of a county prison does not involve the possession or ownership of real or personal property of a value not exceeding $1,000, but does involve the right to public office. Appeal lies to the Supreme and not to the Superior Court.

Argued Dec. 7, 1898.    Appeal, No. 162, Oct. T., 1898, by plaintiffs, from decree of C. P. Schuylkill Co., Sept. T., 1898, No. 1, dismissing bill in equity.    Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Certified to Supreme Court.

Rule on bill, answer and replication.    Before PERSHING, P. J.

It appears from the record that the nature of the proceeding was on bill in equity to restrain defendants from fraudulently and forcibly taking possession of the wardenship of the Schuylkill county prison and matronship of the Schuylkill county prison, the possession of said wardenship and matronship being then rightfully in possession of said complainants.    A decree was filed dismissing the bill by PERSHING, P. J., and is reported in 7 Dist. Rep. 702.    Plaintiffs appealed.

*Error assigned* among others was in holding that as there was a remedy by quo warranto there was no jurisdiction in equity and for this reason dismissed the bill.

*James Ryon*, with him *George W. Ryon*, for appellants.

*George J. Wadlinger*, with him *A. L. Shay*, for appellees.

*H. O. Bechtel, J. H. Filbert, Chas. A. Snyder, P. P.*

PER CURIAM, December 15, 1898:

This is an appeal from a decree dismissing the plaintiffs' bill, in which they prayed for a decree restraining the defendants "from interfering with the right of the plaintiffs to exercise the rights and duties of warden and matron of said Schuylkill county prison."    The plaintiff claimed that he was the de facto warden while the defendants claimed that James H. Levan had been duly appointed to the office.    The appeal does not involve the possession or ownership of real or personal property, or any right, the value of which does not exceed $1,000, but does involve the right to a public office.    It is plain, therefore, that the appeal was erroneously taken to this court.    See Com. v. O'Donnell, 7 Pa. Superior Ct. 49.

Now, December, 1898, the above mentioned appeal is certified at the cost of the appellants to the Supreme Court for hearing and decision.