## Neubert v. Armstrong Water Company, Appellant.

*Appeals—Superior Court—Jurisdiction—Mandamus.*

No appeal lies to the Superior Court from a judgment in mandamus proceedings commanding the defendants to permit the plaintiffs to inspect the books of a corporation. In such a case the subject of controversy is not the ownership or possession of real or personal property, or any right, the value of which is admitted or asserted to be less than $1,500.

Where an appeal is erroneously taken to the Superior instead of to the Supreme Court, the writ will not be quashed, but the case will be certified to the Supreme Court for hearing and decision.

Objection that an appeal will not lie to the Superior Court in any mandamus case whatever, is not sustained.

PER CURIAM, November 21, 1904:

Section 11 of the Act of May 5, 1899, P. L. 248 reads as follows: " Whenever an appeal is taken to the Superior Court the appellee shall be held to have waived objection to the ju-

risdiction of that court unless he file with the prothonotary thereof an objection on this ground on or prior to the hearing of the appeal by the Superior Court. If the objection is made, the Superior Court shall hear and decide it speedily ; and, if it is sustained, and the appeal is certified to the Supreme Court, the prothonotary of the Superior Court shall, in addition to the appeal costs already paid, be paid by the appellant the sum of $3.00 as further costs in the cause." This section should be read in connection with section 9 of the act of 1895, hereafter quoted.

This is an appeal from a judgment in mandamus proceedings commanding the defendants to admit the plaintiffs to inspect the books of the corporation. The plaintiffs are stockholders, and according to the averments of the petition, the value of their stock is several thousand dollars. In due time they filed an objection to the jurisdiction of this court, and have also moved to quash the appeal. We are of opinion that the objection to our jurisdiction is well taken. The subject of controversy is not the ownership or possession of real or personal property, or any right the value of which is admitted or asserted to be less than $1,500. The case seems to us to fall within the principle upon which we held, in Henderson v. Masonic Home, 7 Pa. Superior Ct. 49, and Brewer v. Kantner, 9 Pa. Superior Ct. 94, that the appellate jurisdiction was in the Supreme Court. In view, however, of one of the suggestions made upon the argument, we remark that the objection that an appeal will not lie to the Superior Court in any mandamus case whatever, is not sustained. Nor can the motion to quash be allowed. Section 9 of the act of 1895 expressly provides : " If an appeal is erroneously taken to the Superior Court in any case which is appealable directly to the Supreme Court, the Superior Court shall not quash the appeal but shall certify the cause at the costs of the appellant to the Supreme Court for hearing and decision."

The above entitled case is certified at the costs of the appellants to the Supreme Court for hearing and decision.