# Nixon's Estate.

*Appeals—Appellate courts—Jurisdiction—Executors and administrators—Discharge.*

The Superior Court has no jurisdiction to entertain an appeal from a decree of the orphans' court dismissing a petition of an executor and trustee to be discharged and to be permitted to withdraw from the possession and control of all of the assets of the estate; certainly this is the case where the amount of the estate exceeds $1,500. Such an appeal is within the jurisdiction of the Supreme Court.

Argued Oct. 13, 1911. Appeal, No. 170, Oct. T., 1911, by William H. Nixon, from decree of O. C. Phila. Co., July T., 1889, No. 127, dismissing petition for discharge as executor and trustee in Estate of Martin Nixon, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal certified to Supreme Court.

Petition to be discharged as executor and trustee.
Motion to certify the case to the Supreme Court.

*Theodore F. Jenkins,* for appellant.

*Edward B. Martin,* with him *John E. McCully,* for appellees.

PER CURIAM, October 16, 1911:
This appeal is from the decree of the orphans' court dismissing the appellant's petition to be discharged as executor and trustee under the will of the testator, and to be permitted to withdraw from the possession and control of all of the assets of the said estate. Objection was made and filed in due season by the appellees to the jurisdiction of this court. The question is to be determined by clause (d) of sec. 7 of the act of June 24, 1895, P. L. 212, as amended by the act of May 5, 1899, P. L. 248. If the

assets of the estate be regarded as the subject of the controversy within the meaning of that section, the jurisdiction is plainly in the Supreme Court because the amount involved exceeds $1,500. If, however, the subject of the controversy be neither money, chattels, real or personal, nor the possession of or title to real or personal property, but a mere personal right or duty, it is equally plain that the section does not confer jurisdiction upon this court. In either view of the question in controversy, the objection is well founded, and having been duly filed must be sustained. See Com. v. O'Donnell, 7 Pa. Superior Ct. 49; Neubert v. Armstrong Water Co., 26 Pa. Superior Ct. 608; Penna. R. R. Co. v. Warren St. Ry. Co., 188 Pa. 74; Brower v. Kantner, 9 Pa. Superior Ct. 94.

And now, to wit, October 23, 1911, the above mentioned cause is certified, at the costs of the appellant, to the Supreme Court for hearing and decision.