## Caruso *v.* Gallo, Appellant.

*Equity—Jurisdiction—Municipal Court of Philadelphia—Bill to determine right of membership in an association—Equity—Act of July 12, 1913, P. L. 711.*

The Municipal Court of Philadelphia has no jurisdiction to entertain a bill in equity where the sole matter in controversy is the determination of the right of the complainant to membership in an unincorporated association.

The question of jurisdiction in such a case may be raised in the appellate court, although not raised nor passed upon in the court below.

Argued Nov. 29, 1915. Appeal, No. 149, Oct. T., 1915, by defendants, from decree of the Municipal Court, Philadelphia Co., Nov. T., 1914, No. 434, on bill in equity in case of Antonio Caruso v. Vito Gallo, et al., Members of Corte Americo Vespucci, No. 234, Foresters of America. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Bill in equity for a decree to reinstate the complainant as a member of an unincorporated association. Before KNOWLES, P. J.

The case turned in the appellate court upon the jurisdiction of the Municipal to entertain the bill.

*Error assigned* was decree in favor of the plaintiff.

*William A. Davis,* for appellants.

*Alexander R. Staples,* for appellee.

OPINION BY ORLADY, P. J., April 17, 1916:

This is an appeal by the defendants from a decree entered by the Municipal Court of Philadelphia in a proceeding in equity brought by the plaintiff against the defendants, as members of an unincorporated association, the prayer being that it "be ordered and decreed that the defendants reinstate your orator as a member in good standing in the court, Americo Vespucci, No. 234, Foresters of America, as of the date of his expulsion, to wit, March 26, 1914, and to pay certain sums of money as sick benefits and expenses." At the threshold of the case we are met with a challenge to the jurisdiction of the court to entertain the bill in equity for the purpose stated, and to enter a decree therein. The jurisdiction of the Municipal Court is defined in the act creating it, of July 12, 1913, P. L. 711, and so far as this case is involved it is to be determined by the 10th Section thereof, viz: "The said court hereby created shall have jurisdiction in all civil actions at law and in equity, where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of six hundred dollars, except that in actions for damages for personal injuries it shall have jurisdiction where the sum demanded by the plaintiff does not exceed one thousand, five hundred dollars."

It is suggested by counsel that this question was not raised nor passed upon in the court below. This omission is not controlling, as the question of jurisdiction may be raised at any time. The subject-matter in contro-

versy was the right of the appellant to membership in an unincorporated association, and if the Municipal Court did not have jurisdiction of that "matter or thing," it was without jurisdiction to entertain the bill in equity or enter a valid judgment thereon. "The judgment being void for want of jurisdiction to enter it, it matters not how, or in what mode, or at what time the objection on that ground is brought to the attention of the supervising court. Being void it has no efficiency at any time. The defendant can afford to disregard it until an effort is made to enforce it—is the language of the Supreme Court in Pantall v. Dickey, 123 Pa. 431; Automatic M. Co. v. Dela. & H. Co., 233 Pa. 581, and of our own court in Brush Valley Twp. v. Poor Directors, 25 Pa. Superior Ct. 595.

It is apparent, that a mere right to membership in the unincorporated association, being the foundation of the action, the Municipal Court was not given statutory authority to dispose of that "matter or things." The action does not involve the possession or ownership of real or personal property, or any right, the value of which does not exceed the sum of six hundred dollars. We are of opinion that the objection to the jurisdiction of the Municipal Court is well taken. The case seems to fall within the principle announced in Com. ex rel. v. O'Donnell, 7 Pa. Superior Ct. 49; Brower v. Kantner, 9 Pa. Superior Ct. 94, and Neubert v. Water Co., 26 Pa. Superior Ct. 608.

The decree is reversed and the bill dismissed.