# Bedford *v.* Rosser et al., Appellants.

*Appeals—Certiorari—Review of proceedings of salary board—Acts of March 31, 1876, P. L. 13, April 4, 1907, P. L. 58, and April 8, 1919, P. L. 72.*

1. Under the Acts of March 31, 1876, P. L. 13, April 4, 1907, P. L. 58, the Supreme Court, in reviewing a decision of the common pleas on appeal from a conclusion of a salary board, must consider the record before it as on certiorari alone; but under the Act of April 8, 1919, P. L. 72, it may examine the proofs to determine whether there is any evidence to warrant the findings of the trial court, and also to test the right to make any order.

*Public officers—Board for assessment and revision of taxes—Clerk—Engineer—Acts of March 31, 1876, P. L. 13, and May 8, 1919, P. L. 163.*

2. The common pleas has no authority, on appeal from a salary board, to add, as an additional employee to the board for assessment and revision of taxes, an officer who is in fact an engineer, although designated as a "coal clerk" in the decree filed by the court.

3. The words "clerks and deputies" in the Act of March 31, 1876, P. L. 13, do not include "engineers."

4. The board to revise taxes has the right to call to its assistance experts, so that a proper valuation of coal lands may be had, but the legislative method provided by the Act of May 8, 1919, P. L. 163, must be pursued as to such appointment.

Argued April 15, 1925. Appeal, No. 207, Jan. T., 1925, by defendants, from order of C. P. Luzerne Co., May T., 1924, No. 891, on appeal from salary board, in case of Paul Bedford, President of the Board of Assessment and Revision of Taxes for Luzerne County, v. David M. Rosser et al., County Commissioners, and Paul J. Schmidt, County Controller, members of the Salary Board of Luzerne County. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from Salary Board. Before MCLEAN, J.

The opinion of the Supreme Court states the facts.

Order allowing appointment of coal clerk and fixing his salary.

David M. Rosser et al., County Commissioners, appealed.

*Error assigned* was order, quoting it.

*John H. Dando,* with him *W. A. Valentine* and *Herman J. Goldberg,* for appellants.—Decision of court below complained of may be reviewed on this appeal, which operates as certiorari: Hand's Case, 266 Pa. 277.

The court was without authority to create office of coal clerk and fix salary of the same: McGinley v. Hendershot, 65 Pa. Superior Ct. 145; Gephart v. Kisinger, 27 Pa. Dist. R. 567; Maginnis v. Schlottman, 271 Pa. 305; Kembel's Est., 280 Pa. 441; Pa. Co. for Ins. on Lives, etc., App., 282 Pa. 69; Pardee v. Schuylkill Co., 276 Pa. 246.

*Richard B. Sheridan,* with him *E. C. Jones,* for appellee, cited: Pardee v. Schuylkill Co., 276 Pa. 246; Davis v. Moore, 50 Pa. Superior Ct. 494.

OPINION BY MR. JUSTICE SADLER, May 4, 1925:

By an act of assembly, applicable to Luzerne County (March 24, 1905, P. L. 47), provision was made for the

appointment of a "Board for the Assessment and Revision of Taxes," and such a commission was selected by the court of common pleas. An engineer was appointed by it in 1916, and the one chosen served until 1924, when another was selected. The county commissioners, with a representative of the department to be affected, was constituted a salary board, by the Act of April 4, 1907, P. L. 58, with power "to fix and determine the number and compensation of the employees of any and all county officers, boards, bureaus, departments, and divisions thereof, whether elected by the people or appointed according to law." The right to appeal from any conclusion reached was given, with the provision that the judgment of the court on the question submitted should be final. This was practically the same regulation as found in the Act of 1876 (March 31, P. L. 13), which directed, in part, "after such decision is made, [if] any officer shall think the number of his clerks or deputies is too few, or the compensation fixed for either is too small, as the same may have been determined by the board, he may appeal from the action thereof to the judge or judges of the court of common pleas of the county in which he is an officer, who shall hear and determine such appeal as promptly as possible, and their decision thereon shall be final." The two acts last referred to are to be read together, and control the situation now presented: Davis v. Moore, 50 Pa. Superior Ct. 494. On March 27, 1924, the salary board abolished the office of engineer, and a review of its action was asked, which ended in a decree by the court of common pleas permitting the employment of such an official at a salary of $3,600 per annum, the appointee to be called a "coal clerk." From this order the present appeal is taken.

The first question which arises is that of jurisdiction, in view of the declaration in the Act of 1876, as well as that of 1907, that the action of the court below shall be final. Under such circumstances, the record must be

considered as before us on certiorari alone, without right on our part to pass upon the merits of the controversy, provided the decree made was within the power of the tribunal which entered it. Since the Act of 1919 (April 8, P. L. 72), we may now examine the proofs in such cases to determine whether there is any evidence to warrant the findings of the trial court to sustain the action complained of, and also to test the right to make any order: Hand's Case, 266 Pa. 277; Plains Twp. Election Returns, 280 Pa. 520. We may therefore consider whether the appointment directed was legally authorized.

It will be noted that the petition, asking for a reversal of the action of the salary board, made no claim of necessity for an additional "clerk," but demanded the appointment of an engineer. Such an officer is clearly not within the class of persons whose duty is ordinarily that of amanuensis, bookkeeper, scrivener, secretary or accountant: 11 C. J. 841; Maginnis v. Schlottman, 271 Pa. 305. The acts of assembly expressly limit the right to increase employees to "clerks or deputies," and by no reasonable interpretation can these words be held to embrace an officer with the technical and specialized training of an engineer. It is true that in the decree filed, the individual was called a "coal clerk," but that is not what the parties asked for, and is an evident misnomer intended to bring the desired appointee within the terms of the Act of 1876. The board to revise taxes has the right to call to its assistance experts, so that a proper valuation of coal lands and other real estate may be had (Pardee v. Schuylkill County, 276 Pa. 246), but a legislative method for securing the services of necessary engineers has been provided, which gives the right to county commissioners to so choose, when deemed necessary: Act of May 8, 1919, P. L. 163.

It follows from what has been said that the court of common pleas was without authority on appeal from the salary board to add an additional employee, in fact an

engineer, though called a "coal clerk," and fix the compensation for his services. Having no jurisdiction to so direct, the sole assignment of error must be sustained.

The order of the court below is reversed at the costs of appellee.