## Sterrett v. MacLean et al., Appellants.

*Public officers — Appointment—Salary board—Sheriff—Acts of March 31, 1876, P. L. 13, and April 18, 1919, P. L. 72—Appeals —Jurisdiction of appellate court — Certiorari — Courts—Hearing by court in banc.*

1. Under the Act of March 31, 1876, P. L. 13, relating to the appointment of certain county officers, the sheriff, although a member of the salary board, has a right to appeal to the court of common pleas from a decision of the board refusing to appoint an additional sheriff's deputy at his request.

2. Although the Act of 1876 disallows an appeal from the common pleas, yet the record may be removed by certiorari.

3. In such case, on certiorari the appellate court has no jurisdiction to review the merits, or to inquire whether the judgment of the court below was, under the evidence, correct.

4. Under its general supervisory powers, the appellate court may, on certiorari, inspect the whole record with regard to the regularity and propriety of the proceedings to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion; and, under the Act of April 18, 1919, P. L. 72, it may examine the proofs to test the right of the court to make the order complained of.

5. If, on such examination, it appears that, in a county where there were two judges, only one judge heard and passed upon an appeal from the salary board, the judgment will be reversed.

6. As the Act of March 31, 1876, P. L. 13, expressly provides for an appeal from the salary board "to the judge or judges of the court of common pleas," there is an express statutory duty imposed by law upon the court of common pleas through its "judge," if there be but one in the district, or its "judges" if there be more than one, to hear and determine the case.

7. Where a court is acting as a whole or in banc, all the judges constituting the tribunal, or as many of them as may be available at the time, ought to sit together, so that the litigants, and the appellate courts, may have the benefit of the judgments of such members, or of as many of them as may be available for the service.

8. Where a court consists of two judges and one is not available a judge from another district should be called in; and, where a court consists of a greater number of judges, at least two must sit as the court in banc, and, where it can be arranged without considerable inconvenience, three should sit.

Argued May 15, 1928.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 36, Jan. T., 1929, by defendant, from judgment of C. P. Erie Co., Feb. T., 1928, No. 507, sustaining an appeal from the salary board, in case of Thomas Garfield Sterrett, high sheriff of Erie County, v. Allan H. MacLean et al., commissioners, Harvey M. Willis, controller, and Thomas Garfield Sterrett, sheriff, sitting and constituting the Salary Board of Erie County.  Reversed.

Appeal from decision of salary board.    Before Ros-
SITER, P. J.

The opinion of the Supreme Court states the facts.

Appeal sustained.    Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting
record.

*Harold F. Mook,* County Solicitor, with him *Clarence
T. Bryan,* Solicitor for County Controller, for appel-
lant.—This appeal from the salary board should have
been heard before the court of common pleas in banc.

The court below erred in allowing an appeal from re-
fusal of the salary board to provide sufficient clerks and
deputies: Wheeler v. Hambright, 9 S. & R. 390; Jones
v. Dusman, 246 Pa. 513; Moritz v. Luzerne Co., 283 Pa.
349.

On an appeal from the action of a salary board, the
court cannot substitute its judgment for that of the
board; all presumptions favor the action of the board.
The burden of proving improper action is on the appel-
lant; the court can only reverse the board for a miscon-
ception of a legal principle involved, illegal action, or
an abuse of discretion: Martin's Case, 11 Pa. C. C. R.
279.

*S. Y. Rossiter,* with him *C. E. Royer* and *T. P. Dunn,*
for appellee, cited: Carney v. Oil Co., 289 Pa. 588; Com.
v. Bell, 145 Pa. 374, 390; Bedford v. Rosser, 283 Pa.
345.

OPINION BY MR. JUSTICE FRAZER, June 30, 1928:

At a meeting of the salary board of Erie County, the
membership of which, in this case, comprised the sheriff,
the county commissioners and the county controller, the
sheriff, Thomas G. Sterrett, appellee, presented a motion
requesting the board to fix the salary of an additional
deputy sheriff, whom he had appointed, because, as he

alleged, the increased business and work of his office necessitated an extra deputy. The board directed by a majority vote to delay the matter until the need for the appointment of such officer be investigated, and, at a subsequent session, by a like majority, refused to fix the salary, "as there is no necessity for a third deputy in the sheriff's office." Whereupon, Sterrett, not as a member of the salary board but as high sheriff of the county, presented a petition and appeal, under the provisions of section 7 of the Act of March 31, 1876, P. L. 13, from the board's decision to the Court of Common Pleas of Erie County, to which county the act applies. After hearing and argument, President Judge ROSSITER, in a written opinion, sustained the sheriff's claim and entered a final decree as follows: "And now, to wit, April 5, 1928, the high sheriff of the County of Erie is allowed a deputy in addition to those already allowed by the salary board, whose salary is to be fixed by that board, and the salaries of the other clerks and deputies as allowed by the salary board to remain as heretofore fixed by that board." From this judgment the salary board has appealed to this court.

As this case is before us on a writ of certiorari, we shall first dispose of the question of our jurisdiction, having in mind the provision in the Act of 1876 that the act of the lower court on appeals taken under that law shall be final. Since the writ of certiorari removes the record of the lower tribunal into this court for review, while we may not review the merits of the case, or inquire whether the judgment of the court below was correct, under the evidence, as that would be making the certiorari an appeal, yet we are entitled,—as we said in Independence Party Nomination, 208 Pa. 108, 111,— under the general supervisory powers of the court on certiorari, to inspect the whole record with regard to the regularity and propriety of the proceedings to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion: see Pollard's Petition, 127 Pa.

507, 522. Moreover, under the Act of April 8, 1919, P. L. 72, we may examine the proofs in such cases to test the right of the court to make an order complained of: Bedford v. Rosser, 283 Pa. 345, 348; Smith's Petition, 292 Pa. 140. In the present case, in its second assignment of error, appellant challenges the jurisdiction of the lower court to make its final judgment, on the ground that the court did not hear and determine the case in banc; and we are thus asked to test the right of the court on that question, under the circumstances disclosed by the record.

Appellant's various assignments of error attack rulings and the final decree of the lower court. While we shall consider but one of these assignments, it is proper to say here, with reference to the right, questioned by appellant, of the sheriff to take his appeal from the salary board's decision to the lower court, that it is distinctly a statutory right given him by the provisions of the Act of 1876. Section 7 of that act declares that if, after a decision is made by the salary board, "any officer shall think that the number of his clerks or deputies is too few, or the compensation fixed for either is too small, as the same may have been determined by the board, he may appeal from the action thereof to the judge or judges of the court of common pleas of the county in which he is an officer." This right of appeal is from any conclusion reached by the salary board: Bedford v. Rosser, supra.

The second assignment of error charges the lower court with error in proceeding with the case and overruling respondent's objection to proceeding other than before all the judges of the common pleas sitting in banc. An examination of the record before us discloses the fact that, aside from notations inserted in it, from the beginning of the hearing before the lower court and during the greater part of its continuance but one judge, President Judge ROSSITER, occupied the bench. The proceedings opened with a motion by appellant's counsel for

a continuance to afford time to the salary board to further investigate the necessity for appointment of an additional deputy sheriff. The presiding judge granted leave to file the motion, but refused the continuance. Counsel for appellant then claimed the case should be heard by the court in banc, instead of by one judge only. The record discloses the proceedings on this point as follows: "Mr. Mook: I think that this case is something for the court in banc. I think it is a matter that should be heard by all the judges of the Court of Common Pleas of Erie County. By the Court: Judge HIRT has been out of town for ten days...... Mr. Mook: Now, January 30, 1928, comes, Harold F. Mook, county solicitor, and objects to proceeding further in this case other than before all the judges of the Court of Common Pleas of Erie County, Pennsylvania, including Judge BOUTON, sitting in Erie this date specially presiding. The Court: Judge BOUTON was never assigned to hear this case and has nothing to do with it. He came to hear three equity cases......last week, and this week the tube case in which he is now sitting. Mr. Mook: My motion stands' as an objection to proceeding. By the Court: You may have an exception. Proceed with the case. Note that Judge HIRT is out of town and will not return until the 10:35 train. I will, however, endeavor to have Judge HIRT sit with me at the argument." A notation in the record states that later in the day Judge HIRT appeared and sat until the end of that day's session of the court, when a continuance of a week was granted. At the second and final session, President Judge ROSSITER again presided alone, until the hearing was half over when Judge HIRT, as we are informed by another notation, occupied the bench with the president judge. There is no information in the record as to whether Judge HIRT heard the argument and nothing to show that any judge other than President Judge ROSSITER heard and determined the appeal, and we find that the written opinion

in the case is signed "Per Curiam by URIAH P. ROSSITER, P. J."

It will be observed that counsel for appellant objected in due form to the judge's refusal to grant his motion to postpone further proceedings until both judges of the court should be present; thus the right of President Judge ROSSITER to act for the entire court is challenged and we have before us therefore the question of the propriety of his ruling.

This very important subject has heretofore been before this court in various aspects, and we have consistently reprehended the allowance of proceedings in court before only one judge when the particular judicial district had two or more judges and where the vital interest of litigants or the conservation of public rights renders it imperative that a case be heard, considered and decided by aid of the experience and knowledge as well as the personal attention of more judges than one to the evidence and the arguments before the court. If insurmountable circumstances prevent this conjunction on the bench of consideration and decision of a case, a reasonable delay is certainly preferable to the allegation that the decree of an individual judge was erroneous. We said in McCormick's Contested Election, 281 Pa. 281, 285: "Where a court is acting as a whole, or in banc, all the judges constituting the tribunal, or as many of them as may be available at the time, ought to sit together; so that the litigants,—and the higher courts, when called on to review,—may have the benefit of the judgment of each member, or of as many of them as may be available for the service."

There is moreover in the case at hand a particularly controlling reason why the lower court should have been especially solicitous that the hearing on the appeal be heard by the entire court. As said above, the sheriff was exercising his statutory rights; the Act of 1876, under which he proceeded, creates and defines the range of authority of the salary board, and also sets forth in pre-

cise terms before what judicial tribunal such appeal shall be taken. The law, applied to the present case, authorizes the sheriff to "appeal......to the judge or judges of the court of common pleas," and "their" decision is to be final. Here is a statutory duty imposed by law upon the court of common pleas through its "judge," if there be but one in the district, or its "judges," if there be more than one. "Whether an act is to be performed by one or the other [by a court or a judge] is generally determined by the character of the act, but whenever it is a statutory power or duty conferred or prescribed upon the court, it can only be discharged by the assembled tribunal, however composed, whether of one judge or several": Carter's Est., 254 Pa. 518, 527.

Erie County is a separate judicial district, containing more than 150,000 and less than 300,000 population, with two common pleas judges, and in the case before us the record discloses no such pressing necessity for the immediate disposition of this litigation as to imperatively require the hearing to go on with but one judge present.

Of course, in districts wherein there is but one judge the situation is different, and it is never contemplated that a hearing or a review by the court in banc shall require the attendance of more than the one judge of that district: Thomas v. Herrig, 244 Pa. 550. There are many duties, in connection with the general administration of justice, which the individual judge may discharge and perform, some as incident to the office at common law, and others by statute conferring the power; but in the latter case it will be found that the statute in so many words commits the power to the judge as distinguished from the court: Carter's Estate, supra. Such is the case as defined by the phraseology of the Act of 1876. It does not say the appeal is to be taken to "a" judge of the common pleas court, but to "the" judge or judges according to the number of judges comprising such court; and it is the

decision of the whole court,—"their" decision,—that is to be given.

The question for determination in the present case is in fact of large public concern. It is true, the immediate matter is the appointment and fixation of the salary of one deputy sheriff; but the much wider principle involved is the range of authority a public officer may claim in the matter of subordinate appointments, and consequent increase of the cost of local administration, and the extent of the power of the salary board in granting or refusing additional salaries to public officers. Upon such questions the united consideration of judicial minds is essential, and, in the immediate case, aside from the public importance of the matters involved, there was the controlling fact before the lower court that, as pointed out above, the terms used in the Act of 1876 permit no indulgence in even an implication that the statutory requirement therein as to the number of judges necessary to attend hearings on appeals there provided for may be less than two, where the judicial district has at least that number. Accordingly, since but one judge heard and determined the case, we consider that the court so constituted, to use the words of the Chief Justice in Commonwealth v. Hall, 291 Pa. 341, 355, "was not constituted as required by law and therefore lacked legal capacity,—or, in that sense, jurisdiction,—to adjudge the particular case before it." On consideration and determination of any case in matters of review or appeal, the final obligation rests upon the court in banc, quite aside from the Act of 1876. This obligation is most adequately and fairly met when the largest number of judges available take part in the proceedings, and for a proper disposition of the litigation at least two judges should be present when the bench consists of two judges, and if one of them is not available then a judge from another district should be called in to perform that service; while in districts where the bench has a greater number of judges, at least

two must sit as the court in banc, and, when it can be arranged without considerable inconvenience, three should sit. In the present case the right of President Judge ROSSITER to act for the whole court is challenged. The record does not show that the final decree was entered after consultation with the other judge of the district, and the plain intent of the Act of 1876 requires the attendance of more than one judge, where the bench consists of more than one.

Under these circumstances: The judgment is reversed and the record remitted to the lower court and a procedendo awarded, costs to abide the final decision of the proceeding.