## Walker's Appeal.

Argued October 2, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Norman E. Clark,* for appellants.—Executive officers are clothed with the responsibility of originating and executing plans for the public good; the presumption is that their acts are on such considerations and their decisions reached in a legal way after investigation: Day v. School Dist., 283 Pa. 248; Lamb v. Redding, 234 Pa. 481; Hibbs v. Arensberg, 276 Pa. 24; Brislin v. Hendershot, 66 Pa. Superior Ct. 536.

The "field clerk" is not allowed by the court within the meaning of the Act of Assembly.

*Adolph L. Zeman,* for appellee.—The evidence before the court warranted the allowance of an additional clerk to the controller: Mulholland v. Wood, Brown & Co., 166 Pa. 486.

OPINION BY MR. JUSTICE WALLING, November 26, 1928:

Washington is a county of the fourth class, of which T. J. Underwood is, and, for the past fourteen years, has been the controller. To assist in the performance of his official duties he has a deputy, a bookkeeper, a clerk and a solicitor. Deeming additional help necessary, he, on January 16, 1928, presented to the salary board, consisting of himself and the county commissioners (see section 7 of the Act of March 31, 1876, P. L. 13, 15), a motion, as follows: "That an extra employee be added to the force in the office of the county controller, to be known as an investigator, at a salary of $150 per month, for the purpose of investigating justice of the peace's dockets, final estimates, delivering checks to employees, looking after matters pertaining to bridges, books, etc., and such other duties as might be suggested by the county controller." There being no second to this motion, the chair declared it lost. From this, the controller took an appeal to the judges of the court of common pleas, as authorized by statute: Section 7 of the Act of

March 31, 1876, P. L. 13, 15, which provides, inter alia, "if, after such decision [by the salary board] is made, any officer shall think that the number of his clerks or deputies is too few or the compensation fixed for either is too small as the same may have been determined by the board, he may appeal from the action thereof to. the judge or judges of the court of common pleas of the county in which he is an officer, who shall hear and determine such appeal as promptly as possible, and their decision thereon shall be final." The judges, after testimony taken, and upon due consideration, reversed the action of the salary board and allowed the additional employee, as a "clerk." From the order so made, the county commissioners brought this appeal.

The appeal was properly taken to this court; the jurisdiction of the Superior Court being statutory, does not embrace such case. The Act of March 2, 1923, P. L. 3, enlarges the jurisdiction of that court, to include, inter alia, "Any action, claim, distribution, or dispute of any kind in the common pleas, at law or in equity, whether originating therein or reaching that court by appeal or certiorari from some other court or tribunal, if the subject of the controversy be either money, chattels, real or personal, or the possession of or title to real property, and if also the amount or value thereof really in controversy be not greater than twenty-five hundred dollars, exclusive of costs." This, as to the subjects of jurisdiction is a reënactment of earlier statutes (see Act of May 5, 1899, P. L. 248), and it has been uniformly held not to include such a controversy as is here presented: See Nixon's Est., 48 Pa. Superior Ct. 259; Neubert v. Armstrong Water Co., 26 Pa. Superior Ct. 608; Brower v. Kantner, 9 Pa. Superior Ct. 94. It took a statute to extend the jurisdiction of the Superior Court so as to embrace appeals in divorce cases. See Rosenberry v. Rosenberry, 180 Pa. 22; and Henderson v. Masonic Home, 7 Pa. Superior Ct. 49.

The legislature cannot deprive a litigant of the right of review by an appeal in the nature of a writ of certiorari, so far as relates to the question of jurisdiction (Twenty-First District Nomination, 281 Pa. 273, 279). This brings up the record, of which, under the Act of April 18, 1919, P. L. 72, the testimony is a part. Even thereunder we cannot weigh conflicting evidence further than to determine whether the decree appealed from is supported by any evidence and whether the court or judge had jurisdiction or authority to do the act complained of. See Hand's Case, 266 Pa. 277; Armstrong's App., 293 Pa. 1; Knauer's Petition, 287 Pa. 115; Com. v. Cicere, 286 Pa. 296; Plains Township Election Returns, 280 Pa. 520; Independence Party Nomination, 208 Pa. 108; Nomination Certificate of John S. Robb, 188 Pa. 212. On such a review, findings of facts may be considered so far as they concern fundamental questions: Smith's Petition, 292 Pa. 140.

While section 1 of article XIV of the state Constitution makes the county controller a constitutional officer, yet his powers and duties are defined by statute. As to the help he may employ, section 14 of the Act of June 27, 1895, P. L. 403, provides: "The controller shall appoint a deputy controller and such other clerks as may be necessary, whose salaries shall be fixed by the commissioners and the controller, as provided by section seven of Act of thirty-first of March, one thousand eight hundred and seventy-six." More recent legislation authorizes him to appoint a solicitor (see Act of April 4, 1919, P. L. 37), but nowhere is he given the right to appoint an "investigator." The trial judge realized this, but sought to come within the statute by designating him a "field clerk." This cannot be done. The word "clerk" as employed in the statute must be given its usual meaning, as one engaged in some form of clerical work, like bookkeeping, copying, transcribing, letter writing, tabulating, etc. What the controller desires in the instant case is, in effect, (a) a detective to investigate and see

if the facts are correctly stated in the transcripts of magistrates, so as to prevent the county being illegally, burdened with costs, (b) an engineer to keep a check on road work and other public improvements and (c) a messenger to deliver checks to those on the county pay roll. Whether any man would have the time or ability for all these varied duties is not clear; certainly they are not clerical. In Bedford v. Rosser et al., 283 Pa. 345, we hold, in an opinion by Mr. Justice SADLER, that, under the same statutes, the words "clerks" and "deputies" do not include an engineer, although designated a "coal clerk." This is decisive of the present controversy. Somewhat similar limitations of the word "clerk" are found in other cases. For example, in Maginnis v. Schlottman, 271 Pa. 305, it is held that an assistant district attorney is not a clerk within the meaning of the Constitution, affirming same case in 76 Pa. Superior Ct. 124, and in Mulholland v. Wood, Brown & Co., 166 Pa. 486, it is held that a person employed to sell goods on commission is not a clerk within the meaning of the statute giving a preference to claims for wages.

We are aware that a county controller is an officer of large powers, some of which are ministerial and others judicial. In the performance of the latter he may summon witnesses and documents, hold hearings and take testimony. Whether, in addition, he should have investigators to cover the county and collect data, is not so clear. If so, it should be authorized by the legislature. The question here is what assistance the legislature authorized for the county controller, not what it might or should have authorized, or the extent of his jurisdiction.

The controller's motion asks for an investigator, not for a clerk, or to do clerical work, while the opinion of the court below refers to a field clerk and the decree appealed from grants an additional clerk. The controller did not ask the board for another clerk or for any one to do additional clerical work and the evidence shows no necessity therefor; hence, the judge had no authority to

grant the controller an extra clerk, as an office assistant. Furthermore, the opinion shows that what the judge intended was a field clerk to do outside work as an investigator, etc.

The order appealed from is reversed and set aside, at the cost of Washington County.