## Appeal by Welch, Prothonotary's Clerk, From Action of Salary Board.

Argued April 9, 1929.

476

*Ernest O. Kooser,* and with him *Francis J. Kooser* and *James O. Courtney,* for appellant.

*Joseph Levy,* for appellee.

Opinion by Linn, J., July 2, 1929:

This record involves the power of the common pleas to increase the salary of a clerk in the office of the prothonotary of Somerset County from $125 a month, as fixed by the salary board, to $150 as fixed by the court. The county is in the 6th class. Section 5 of the Act of June 29, 1923, P. L. 944, provides:

"The salary board in all counties of the sixth class which shall be composed of the county commissioners and the county treasurer, shall fix and determine annually the number and the salaries to be paid to the clerks and deputies required for the proper discharge of business in the office of the county officers whose salaries are fixed by this act. Any such county officer, deputy, or clerk, dissatisfied with the amount of salary allowed by the salary board, may appeal from the action of such board to the court of common pleas of the county, which court shall, after hearing, make an order fixing the salaries of such appointees."

January 2, 1928, the salary board decided that the prothonotary should employ at the expense of the county a deputy prothonotary at the salary of $150 a month and clerk at $125 a month. Claude A. M. Welch was appointed clerk by the prothonotary. Pursuant to section 5, quoted above, he appealed to the common pleas alleging dissatisfaction with the salary fixed by the board and asking the court "after hearing to make an order fixing the salary of the [petitioner] as such duly appointed clerk." The salary board filed an answer; the court heard the testimony offered by the parties, and made an order fixing the salary at $150 a month.

The appeal to this court is in the nature of a writ of certiorari: Com. v. Layton, 45 Pa. Superior Ct. 582, 584; Bedford v. Rosser, 283 Pa. 345, 347; Sterrett v. Maclean, 293 Pa. 557, 560; Walker's Appeal, 294 Pa. 385, 389. In accordance with those cases, we examine the proofs to see whether there is evidence to warrant the findings of the court and to test the right to make any order.

The power of the court to make an order is not questioned by appellant; the single criticism is that in making it, the court considered evidence of the petitioner's qualifications, experience and capacity to perform the duties of the clerkship. We observe that these elements of competency were not questioned; no reason has been suggested why they should not have been taken into consideration; indeed it would seem to be the duty of one fixing compensation of the appointee to such position to do so with regard to his qualifications. Appellant here proposes, if we understand the contention of the county, that the clerkship should be considered as an abstraction to which the salary board should attach a salary and that its action should be final. The statute provides that its action is not final. An appeal from the action of the board

478

is allowed to the common pleas with power to fix "the salaries of such appointees." Instead of treating the clerkship abstractly, i. e. without specification or knowledge of the duties to be performed, the court heard evidence of the duties to be performed, the qualifications, experience and capacity of Welch, the value of such services by persons familiar with them, and the time devoted by him to their performance and on that evidence made the order.

We discover no irregularity in the proceeding, are satisfied that the order is supported by evidence and agree that the court had the power to dispose of the proceeding.

Order affirmed at the cost of the county.