## Yancoski's Appeal.

462

Argued November 29, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John J. Hibbard,* for appellant.

*M. F. McDonald,* for appellees, was not heard.

PER CURIAM, January 2, 1934:

This case is before us on a writ of certiorari, consequently the only question for our consideration is whether the court below exceeded its jurisdiction or its proper legal discretion, except in so far as the scope of our review is broadened by the Act of 1919, P. L. 72. Sterrett v. MacLean et al., 293 Pa. 557, 560; Walker's Appeal, 294 Pa. 385, 389; and cases there cited.

Appellant is one of four commissioners of Hanover Township, Luzerne County, removed from office after hearing on petition to the Quarter Sessions Court brought in accordance with section 604 of the First Class Township Law of June 24, 1931, P. L. 1206, providing that, "If any township officer refuses or neglects to perform his duties, the court of quarter sessions, upon complaint in writing by one hundred citizens, owners of real estate residing in the township, may issue a rule upon such officer to show cause why his office should not be declared vacant and another appointed in his stead......Upon hearing and proof that the facts alleged in the complaint are true, the court may declare the office vacant," etc.

Appellant contends the proviso, "If any township officer refuses or neglects to perform his duties," refers only to nonperformance of duties specifically prescribed by the act, and that, having omitted to indicate any duties incident to his office (as defined in the act) which appellant has failed or refused to perform, the court of quarter sessions was without authority for its decree, and if "appellant has erred in the performance of his duties," other remedies should have been pursued.

Among other findings of the lower court are the following statements: "Since January, 1932, salaries have been paid [by the commissioners] to men ostensibly employed at the disposal plant, including one Yancoski, the commissioner's brother. The employment of any men at the plant was a mere travesty and burlesque. The disposal plant was constructed at a large expense several years ago and was designed to avoid contamination of the Susquehanna River, into which the sanitary sewers of the township emptied, by treatment of the sewage in settling tanks, etc., thus eliminating poisonous and harmful elements. It appears by the evidence that it was common knowledge that, during the period of employment of Yancoski and others at the plant, not the least effort was made to have the plant function, par-

ticularly the chlorine chamber which comprised an essential part of the process, and raw and untreated sewage passed into the river. Employment of these men at the plant was a mere hoax and serves as a very clear proof of the subterfuges practiced by respondents of employing men and paying them from township funds when they knew or should have known no services were performed."

The duty to "make the necessary provisions for the disposition of the sewage and drainage within, or for carrying the same beyond, the limits of the township" is enjoined on the township commissioners by section 2403 of the Act of 1931, supra, (P. L. 1310). This requirement effectually disposes of appellant's chief argument on appeal. Aside from the definitely imposed statutory duties, however, there are responsibilities and obligations naturally inherent in the office of township commissioner, and to exclude the power of removal on the theory that appellant's actions were merely "an abuse of discretion" would be to overlook and condone conduct of which the court below says, "no more outrageous violation of law or supine neglect of duty has ever been brought to our attention," and would make a farce of legal procedure.

The decree of the court below removing appellant from office is affirmed; costs to be paid by appellant.