## City of Philadelphia, to use, v. Sobel. No. 1

*Milton E. Selig* and *Michael H. Egnal*, for use-plaintiff.

*Edward Unterberger*, for defendant.

WINNET, J., July 14, 1942.—The use-plaintiff filed in the Court of Common Pleas No. 7 a municipal lien for paving of a portion of a driveway in the rear of 343 Gorgas Lane, Philadelphia. An issue was there raised by the filing of an affidavit of defense. Thereafter that court transferred the cause to us.

The matter came up before me for trial without a jury. The use-plaintiff offered the lien in evidence and rested. Defendant contented herself with a motion to dismiss the cause for want of jurisdiction. The motion was denied and a finding was entered for plaintiff. A motion for judgment n. o. v. and to dismiss the cause for want of jurisdiction was filed by defendant.

This motion presents the first challenge to the practice of transferring municipal lien cases (within the jurisdictional amount) to this court. The jurisdiction of the Municipal Court was set by the Act of July 12, 1913, P. L. 711, 17 PS §693. We are definitely a court of limited jurisdiction. We were reminded of that recently in Commonwealth ex rel. Burton v. Baldi, 147 Pa. Superior Ct. 193, which said (p. 201):

". . . the basic jurisdictional boundaries of the Municipal Court are those and only those prescribed by legislative mandate. Resort cannot be made to the common law to enlarge them."

As against this limited jurisdiction the same act, section 10, provides that we shall have jurisdiction "in any civil cases transferred . . . by order of a majority of the judges of any court of common pleas of Philadelphia County."

This general mandate given to the court of common pleas cannot be construed to extend the jurisdiction of our court. We are still limited by jurisdictional amount and sometimes the cause itself. For example, the common pleas court could not transfer any divorce matter, neither could it transfer a bill in equity which concerns itself with membership in an unincorporated association: Caruso v. Gallo, 62 Pa. Superior Ct. 584,

Nor can it transfer a municipal lien, the jurisdiction of which has been specifically given to it. The Municipal Lien Act was reënacted on May 16, 1923, P. L. 207, 53 PS §2021. At that time the Municipal Court Act had been in force 10 years. Nevertheless, section 9 of the Municipal Lien Act as enacted read:

"Claims for taxes, water rents or rates, lighting rates, and sewer rates *must* be filed in the court of common pleas of the county in which the property is situated . . . and other municipal claims *must* be filed in *said* court within six months from the time the work was done. . . ." (Italics supplied.)

The procedure outlined in the act imposes duties on the prothonotary. The docketing, the indexing, the entry of judgment in case of default, the keeping of locality index, are his duties. If a sequestrator is necessary it is provided that the court of common pleas is to make the appointment.

The court of common pleas cannot renounce any specific jurisdiction given to it by the legislature. The use of the word "must" and the procedure outlined indicate that not only must the action be filed in the court of common pleas but that it must be disposed of by that court.

At the most we have here a conflict between a general provision in a statute which apparently enables the court of common pleas to transfer any civil case to us, and a specific provision in a later act which definitely says that the action must be brought in the court of common pleas. By the well-known principle of statutory construction that a conflict must be resolved in favor of the specific language of the statute, it would seem to follow that we cannot exercise jurisdiction in this line of cases. See Commonwealth ex rel. v. Kline et al., 294 Pa. 562.

The finding of the court is therefore vacated and the cause is returned to Court of Common Pleas No. 7. The clerk is directed to notify the clerk of Court of Common Pleas No. 7 of the action herein taken.